**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON**

IN RE:

JOEL L. ANDERSON                                                          CASE NO. 05-57066
ANGELA ANDERSON

DEBTORS

J. JAMES ROGAN, TRUSTEE                                                   PLAINTIFF

VS.                                                                       ADVERSARY NO. 06-05138

CENLAR, FSB, et al.                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. 42) for relief from the default judgment (Doc. 12) entered by the court on June 15, 2006.  MERS asserts that the default judgment should be set aside for the reason that MERS' co-defendant Cenlar, FSB was supposed to have obtained legal counsel to file an answer on MERS behalf but, due to alleged mistake and excusable neglect, Cenlar's counsel was only retained for the benefit of Cenlar.  No referral to legal counsel was made by Cenlar to answer for MERS and, apparently, MERS made no referral of its own .  In support of its motion, MERS has attached a Memorandum of Law and has further supplied a document entitled "Affidavit in Support of Motion for Relief from Default Judgment" (Doc. 44), purportedly

the sworn statement of Joan Brodsky, Vice President and Assistant Counsel for Cenlar, FSB. The court has considered the motion and its supporting documents, the objection to the motion filed on behalf of Plaintiff Trustee James Rogan ("Trustee") (Doc. 43) and the arguments of counsel at the hearing held September 20, 2006. For the reasons stated herein, the court finds that MERS' motion should be overruled.

On May 11, 2006, Trustee, on behalf of the bankruptcy estate of Joel L. And Angela Anderson, initiated this adversary proceeding (Doc. 1) to avoid various preferential transfers against certain of MERS' co-defendants and to avoid for the benefit of the estate a mortgage in favor of MERS dated March 27, 2003 for various alleged deficiencies in the mortgage process. Trustee also sought authorization to sell the real estate subject to the mortgage, which was located at 580 Hunters Green Court, Lexington, Kentucky. Summons issued on the complaint on May 12, 2006 and the Trustee executed service of the summons on May 15, 2006 by mail as set forth in the Trustee's Affidavit of Service (Doc. 6). MERS' answer was due June 12, 2006.

No answer was timely filed or served and on June 14, 2006, the Trustee filed a motion for default judgment (Doc. 11), mailing a copy of the motion to MERS' corporate address. No response was forthcoming, the motion was granted and default judgment entered on June 15, 2006. On August 12, 2006, MERS filed the present motion to set aside the default, asserting that it is not guilty of culpable conduct but that Cenlar simply mistakenly failed to file an answer on its behalf. MERS correctly cites Rule 60(b) as the basis upon which the court should consider this motion to set aside the default judgment.

Rule 60(b) places the burden of proof on the movant: "A party seeking relief from

2

judgment under Rule 60(b) must show that its case comes within the provisions of the rule." ***Lewis v. Alexander***, 987 F.2d 392, 396 (6th Cir. 1993) (citing ***Miller v. Owsianowski (In re Salem Mortgage)***, 791 F.2d 456, 459 (6th Cir. 1986)).  Rule 60(b), made applicable in bankruptcy cases by BR 9024, permits a court to relieve a party or a party's legal representative from a final judgment in cases of mistake, inadvertence, surprise, or excusable neglect.  In this case, MERS vaguely asserts that its failure to file an answer or motion was the result of "mistake and excusable neglect and not culpable conduct."  *See* MERS' Motion for Relief from Default Judgment, attached Memorandum of Law, p. 5 (Doc. 42).

In this bankruptcy court (see ***Gardner v. CIT Group/Consumer Finance, Inc.***, Adversary Proceeding No. 06-3001, U.S. Bankruptcy Court, Eastern District of Kentucky (2006)  and ***Masterton v. Empire Funding Corp., et al.***, Adversary Proceeding No. 04-5465, U.S. Bankruptcy Court, Eastern District of Kentucky (2004)), and in the Sixth Circuit, the determination of whether relief should be granted from an order or judgment under Rule 60(b) depends on "(1) Whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." ***Waifersong, Ltd. v. Classic Music Vending,*** 976 F.2d 290, 292 (6th Cir. 1992) (citing ***United Coin Meter Co. V. Seaboard Coastline R.R.***, 705 F.2d 839, 845 (6th Cir. 1983).  The factors are not to be weighted: "It is only when the [movant] can carry this burden [of demonstrating that the order was the result of mistake or excusable neglect] that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the

3

absence of a substantial prejudice to the plaintiff should relief be granted." *Id.* In this case, the movant has failed to establish that there is either mistake or excusable neglect.

The determination of whether a party's neglect is "excusable" is essentially equitable in nature, "taking into account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,** 507 U.S. 380, 395 (1993). As noted above, MERS relates, with little specific information, that its servicing agent, Cenlar, was responsible for obtaining MERS' legal referral. The affidavit MERS supplied to substantiate its position is of questionable value, however, since it is improperly acknowledged and does not state that the statements contained therein were sworn to by the affiant. Moreover, nothing is contained within the "affidavit" which indicates whether the so-called mistake or excusable neglect was Cenlar's or MERS'. Did MERS advise Cenlar that it had been served with process? Did the appropriate representative of MERS request Cenlar to obtain legal representation for it and Cenlar failed to do so, or did MERS fail to alert Cenlar that legal representation was needed? The record is devoid of any facts, reliable or otherwise, sufficient for this court to make a determination as to whether the action or inaction of the parties involved amounted to either mistake or excusable neglect for purposes of Rule 60(b).

Because MERS has failed to satisfy the threshold requirement of demonstrating mistake (which did not seem to fit the scenario presented in any event) or excusable neglect, the court need not evaluate whether MERS had a meritorious defense or whether granting the motion would prejudice the Trustee.  For the foregoing reasons, and because the interests of finality and the conservation of scarce judicial resources require that such extraordinary relief be granted sparingly, see **Masterton v. Empire Funding Corp., et al.,** Adversary Proceeding no. 04-5465, supra, at p.5, the court will exercise its discretion to deny relief from the default judgment.

The court will enter a separate Order overruling the Motion for Relief from Default Judgment.


Copies to:

Bradley A. Reisenfeld, Esq.
Ann E. Samani, Esq.
Fred E. Fugazzi, Jr., Esq.
J. James Rogan, Trustee, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Friday, September 29, 2006
(jms)**